FILED
2017 Sep-18  PM 04:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
7/25/2017 5:36 PM
01-CV-2017-903046.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br>01 |
|---|---|---|
| | | Date of Filing:<br>07/25/2017    Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### ROBERT MIKEL HARDEN ET AL v. DEAN FOODS COMPANY, INC. ET AL

**First Plaintiff:** ☐ Business  ☑ Individual        **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other                    ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
   Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
   Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING        A ☐ APPEAL FROM          O ☐ OTHER
                                   DISTRICT COURT

         R ☐ REMANDED            T ☐ TRANSFERRED FROM
                                   OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    **Note:** Checking "Yes" does not constitute a demand for a
jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
| FEE001 | 7/25/2017 5:36:22 PM | /s/ DOUGLAS J FEES |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**        ☐ YES ☐ NO ☑ UNDECIDED

ELECTRONICALLY FILED
7/25/2017 5:36 PM
01-CV-2017-903046.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY**
**BIRMINGHAM DIVISION**

**ROBERT MIKEL HARDEN**
**AND VIOLA J. HARDEN ,**

      Plaintiff,

vs.

      **CIVIL ACTION NO.:** _____

      **JURY DEMAND**

**DEAN FOODS COMPANY, INC.,**
**THE BARBER COMPANIES, INC.; AND**
NO. 1, whether singular or plural, Plaintiff hereby intending to designate that entity who or which was doing business as The Barber Companies, Inc., and was located at 36 Barber Ct, Homewood, AL 35209, at the time of the incident made the basis of Plaintiffs' complaint;

NO. 2, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities including persons who or which failed to maintain safe premises and other areas which were involved in the occurrence made the basis of Plaintiffs' complaint;

NO. 3, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities including persons who or which failed to detect or remedy hazardous, dangerous or defective conditions on the premises which were involved in the occurrence made the basis of Plaintiffs' complaint;

NO. 4, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities including persons who or which failed to properly maintain the premises which were involved in the occurrence made the basis of Plaintiffs' complaint;

NO. 5, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities including persons who or which failed to inspect, remove or alter conditions on the premises involved in the

DOCUMENT 2

occurrence made the basis of Plaintiffs' complaint;

NO. 6, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities who or which followed negligent maintenance and management practices in keeping the premises safe which were involved in the occurrence made the basis of Plaintiffs' complaint;

NO. 7, the correct legal designation of that entity who or which was doing business as The Barber Companies, Inc., 36 Barber Ct, Homewood, AL 35209, at the time of the incident made the basis of Plaintiffs' complaint;

NO. 8, the correct legal designation of that entity who or which was doing business as Dean Foods Company, Inc. at the time of the incident made the basis of Plaintiffs' complaint;

NO. 9, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities including persons whose negligence, wantonness, or other wrongful conduct caused the occurrence made the basis of Plaintiffs' complaint; Plaintiff hereby intending to designate that entity or those entities including persons who or which is the successor in interest in any of those entities described above; Plaintiff aver that the identity of the fictitious parties defendant is otherwise unknown to the Plaintiff at this time, or if their name is known their identity as proper party defendants is not known to the Plaintiff at this, and that their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained,

Defendants.

## COMPLAINT

DOCUMENT 2

COMES NOW Plaintiffs ROBERT MIKEL HARDEN AND VIOLA J. HARDEN, by and through their undersigned attorney, and as the basis for the relief hereinafter prayed for, state as follows:

## GENERAL AND JURISDICTIONAL ALLEGATIONS

1. Plaintiff Robert Mikel Harden is an adult resident and citizen of Locust Grove, Georgia.

2. Plaintiff Viola J. Harden is an adult resident and citizen of Locust Grove, Georgia, and was the lawful wife of Plaintiff Robert Mikel Harden at all times referenced herein.

3. Defendant Dean Foods Company, Inc. is a foreign corporation with its principal place of business in Flint, Michigan, doing business in Jefferson County, Alabama at all times relevant herein.

4. Defendant The Barber Companies, Inc. is a domestic corporation located and doing business in Jefferson County, Alabama at all times relevant herein.

5. The incident which forms the basis of Plaintiffs' complaint occurred in Jefferson County, Alabama on or about August 21, 2015.

## COUNT I

6. Plaintiffs adopt and reassert the averments contained in previous paragraphs, and incorporate the same by this reference.

7. On or about August 21, 2015, Robert Mikel Harden was a business invitee at Defendant The Barber Companies, Inc. and/or Defendant Dean Foods Company, Inc. located at 36 Barber Ct, Homewood, AL 35209. At said time, Defendant The Barber Companies, Inc., Dean Foods Company, Inc. and/or one or more of the fictitious parties defendants listed and/or described in Plaintiffs' complaint negligently or wantonly allowed the drainage system on the ground to become clogged or backed up, which caused a milky residue to

collect on the ground. Defendants Dean Foods Company, Inc., The Barber Companies, Inc. and/or one or more of the fictitious parties defendants listed and/or described in Plaintiffs' complaint allowed said milky substance to remain on the walkway which was intended to be and was utilized by business invitees. While Plaintiff was utilizing the intended walkway, he stepped on the milky substance which was negligently and wantonly allowed to remain on the walkway, which caused him to be violently thrown to the ground, and caused him to suffer serious injuries, including but not limited to back injuries which resulted in a four-level cervical fusion.

8. Defendants Dean Foods Company, Inc., The Barber Companies, Inc. and/or one or more of the fictitious parties defendants listed and/or described in Plaintiffs' complaint negligently or wantonly failed to maintain the premises in a safe condition, such failure causing Plaintiff to suffer injury. Defendants were negligent or wanton in one or more of the following respects:

    a.    Defendants failed to exercise reasonable care to provide and maintain reasonably safe premises for use by those persons lawfully on their premises;

    b.    Defendants breached their duty to be reasonably sure that they were not inviting another into a situation of danger or peril;

    c.    Defendants breached their duty to warn invitees of defects and danger associated with the premises;

    d.    Defendants failed to maintain the premises in such a manner so as not to constitute a hazard to those persons on the premises;

    e.    Defendants failed to inspect, remove or alter conditions on the premises which were likely to cause injury or damage;

    f.    Defendants failed to identify or remedy known or foreseeable hazards.

As a proximate result of Defendants' conduct, Plaintiff Robert Mikel Harden was caused to suffer the following injuries and damages:

DOCUMENT 2

a.    He incurred, and continues to incur, physical pain and suffering as a result of the physical injuries sustained in the above described incident;

b.    He incurred, and continues to incur, mental pain and anguish as a result of the physical injuries sustained in the above described incident;

c.    He incurred, and continues to incur, medical expenses in and about an effort to cure and/or heal the physical injuries sustained in the above described incident;

d.    He incurred, and continues to incur, loss of enjoyment of life as a result of the physical injuries sustained in the above described incident;

e.    He incurred permanent impairment and disabilities as a result of the physical injuries sustained in the above described incident;

f.    He incurred, and continues to incur, lost wages as a result of the physical injuries sustained in the above-described incident.

WHEREFORE, Plaintiffs demand entry of judgment against the defendants, and each of them, in an amount which the jury deems fair and just to compensate Plaintiffs, punitive damages and costs of court.

## COUNT II
## LOSS OF CONSORTIUM

9.    Plaintiffs reassert previous paragraphs of this Complaint and incorporate the same by reference as if fully set out herein.

11.    The foregoing wrongful conduct of said Defendants combined and concurred and rendered said defendants liable to Plaintiff Viola J. Harden for the following injuries and damages: she was caused to lose the services, support and consortium of her husband for a period of time and will be caused to lose said services and consortium for a period of time uncertain.

WHEREFORE, Plaintiffs demand judgment against the Defendants, and each of them, in an amount which the jury deems fair and just to compensate Plaintiffs, punitive damages and costs of court.

DOCUMENT 2

ATTORNEYS FOR PLAINTIFFS

DOUGLAS J. FEES    *FEE001*
THE COCHRAN FIRM – HUNTSVILLE
401-403 Madison Street
P.O. Box 508
Huntsville, AL 35804
(256) 536-1199  F: 256-536-7754
dfees@cochranfirm.com

<u>JURY DEMAND</u>

Plaintiff respectfully demands a trial by struck jury.

DOUGLAS J. FEES

Defendants to be served by certified mail by filer as Follows:

Dean Foods Company, Inc.
c/o Fred S. Ball Jr./Richard Ball
200 S. Lawrence Street
Montgomery, AL  36104

The Barber Companies, Inc.
c/o George W. Barber, Jr.
27 Iverness Center Parkway
Birmingham, AL  35242

ELECTRONICALLY FILED
7/25/2017 5:36 PM
01-CV-2017-903046.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNT
BIRMINGHAM DIVISION**

**ROBERT MIKEL HARDEN
AND VIOLA J. HARDEN ,**

      Plaintiff,

vs.

**CIVIL ACTION NO.:** _____

**JURY DEMAND**

**DEAN FOODS COMPANY, INC.,
THE BARBER COMPANIES, INC.; et al.,**

      Defendants.

<u>**INTERROGATORIES TO DEFENDANTS**</u>

      Plaintiffs propound the following interrogatories to each of the Defendants, to be answered separately, fully, in writing and under oath within the time prescribed by law pursuant to Rule 33 of the *Alabama Rules of Civil Procedure.*

      In answering the interrogatories which follow, you are reminded that you are required to furnish all information available to you including information in possession of your attorney, or any person acting in your or their behalf, as well as information in the possession of any other agent or person under your control, and not merely such information as is known to you or to the personal knowledge of the persons signing the answers to these interrogatories on your behalf. You are reminded finally of the duty of supplementation imposed upon you by Rule 26(e) of the *Alabama Rules of Civil Procedure.*

      If, after diligent inquiry, you are unable to answer an interrogatory completely, so state and set out such knowledge as you do have.

**DEFINITIONS**

      In connection with these interrogatories and request for production, the following definitions shall apply unless otherwise indicated:

      "Address" - The term "address" refers to the street number, street, post office box, city, state, and ZIP code of the subject, person, business or other entity.

      "Document" - The term "document" herein referred to includes, but is not limited to, all instruments in writing, in printed forms, type-written form, longhand notations or writings, tape recordings, photographs, video tape recordings, manuals, training manuals, training guides, duty manuals, rules and regulations, transcripts of recorded conversations, transcripts or oral statements, interoffice, intraoffice, interdepartmental or intradepartmental memorandum, notations to files, personal notes and records, and all records, logs, documents, books, writings and physical things of every description and kind which are germane and material to the areas of inquiry.

"Identity," Identify," or "Identification" - When used with reference to a person, the terms "identity," identify," or "identification" includes the full name, title or official capacity, social security numbers, and present or last known address of said person. When used with reference to a document, the terms "identity," or "identification" includes its date, title, author and signer and their address, type of document, and other means of identifying it, its present or last known location, and its custodian and his address. If any document was but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

"You" or "Your" - The terms "you" or "your" includes the named defendant and the individual who prepares and makes answer to these interrogatories on behalf of the named defendant.

1.     Give the names and addresses of persons known to this defendant or its counsel to be witnesses concerning the facts of the case and indicate whether or written or recorded statements have been taken from the witnesses and indicate who has possession of such statement.
RESPONSE:

2.     Set forth a list of photographs, plats, sketches or other prepared documents in possession of the defendants or counsel that relate to the claim or defense in this case.
RESPONSE:

3.     What is your legal designation by which you can sue or be sued?
RESPONSE:

4.     List the names and addresses of any expert witnesses whom you propose to use at the trial of this case.
RESPONSE:

5.     Describe what caused this incident, in your opinion.
RESPONSE:

6.     Describe any and all injuries sustained at your premises made the basis of Plaintiffs' complaint within the ten year period immediately preceding the incident made the basis of Plaintiff's complaint.
RESPONSE:

7.     Describe any and all violations committed by you for which you have been cited in any manner whatsoever by any Federal, State or other regulating entity for the five year period immediately preceding the incident made the basis of Plaintiff's complaint.

RESPONSE:


8.      Is it your opinion or position that the Plaintiff was contributorily negligent?  If so, state fully in what way.
RESPONSE:


9.      Set forth the names and addresses of all insurance companies which have liability insurance coverage relating to this claim and set forth the number or numbers of the policies involved and the amount or amounts of liability coverage provided in each policy.
RESPONSE:


10.     List the names and addresses of any witnesses whom you propose to use as a witness at the trial of this case.
RESPONSE:


11.     Was an incident report created at the time of the incident made the basis of Plaintiffs' complaint?  If so, attach a copy of such document.
RESPONSE:


12.     List the names of the employees on duty at the time of the incident made the basis of Plaintiffs' complaint.  For each employee listed, please provide that employee's job title, home address, and home telephone number.
RESPONSE:


13.     List all of the repairs and/or improvements made to the area at which Plaintiff sustained her injuries?
RESPONSE:


14.     Who made such repairs and/or improvements?
RESPONSE:


15.     Has anyone other than Plaintiff ever suffered injury on the subject premises?  If so, state each individual's name, last known address and phone number, the circumstances surrounding the injury, the extent of the injury and any corrective measures taken by these defendants as a result of such injuries.
RESPONSE:

DOCUMENT 3

16.     Since the date of the incident made the basis of Plaintiffs' complaint, what, if any, repairs, improvements, and/or renovations have been made by this defendant to its facility as a result of this incident?
RESPONSE:


17.     Prior to or at the time of the incident made the basis of Plaintiffs' complaint, were there any warnings (signage, etc.) present to alert persons such as Plaintiff as to the danger of losing one's footing? If so, describe such warnings in detail.  If not, why not?
RESPONSE:


18.     Do you contend that Plaintiff was not a lawful invitee of this defendant at the date and time of her injuries?  If you contend that she was not a lawful invitee, please state the factual basis for that contention.
RESPONSE:


19.     Describe in detail the area on which Plaintiff sustained her injuries.  Specifically include a complete description of the materials on the ground, what hazards were located there, etc.
RESPONSE:


20.     Did this defendant have any cameras installed in its facility which would have filmed Plaintiff's injury and/or that portion of the facility where Plaintiff sustained her injuries?  If so, please indicate who currently has possession of such video footage.
RESPONSE:

                              ATTORNEYS FOR PLAINTIFFS


                              DOUGLAS J. FEES (FEE001)
                              THE COCHRAN FIRM –HUNTSVILLE
                              401-403 Madison Street
                              P. O. Box 508
                              Huntsville, Alabama   35804
                              (256) 536-1199
                              dfees@cochranfirm.com


              SERVE WITH SUMMONS & COMPLAINT

DOCUMENT 4

ELECTRONICALLY FILED
7/25/2017 5:36 PM
01-CV-2017-903046.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNT
### BIRMINGHAM DIVISION

**ROBERT MIKEL HARDEN**
**AND VIOLA J. HARDEN ,**

        Plaintiff,

                                **CIVIL ACTION NO.:** _____

vs.

                                **JURY DEMAND**

**DEAN FOODS COMPANY, INC.,**
**THE BARBER COMPANIES, INC.; et al.,**

        Defendants.

### NOTICE OF DEPOSITION TO DEAN FOODS COMPANY, INC.
### PURSUANT TO RULE 30(b)(5) AND (6)

PLEASE TAKE NOTICE that at a time and location to be agreed upon by the parties, before a court reporter duly authorized under the laws of the State of Alabama, Plaintiffs will take the deposition in accordance with Rule 30(b)(5) and (6) of the Alabama Rules of Civil Procedure of the individual(s) employed by this defendant, who is designated by the defendant to testify about and surrounding matters set out within this notice, or who has the most knowledge regarding the matters set out herein.

### TABLE OF DEFINITIONS/ABBREVIATIONS

Plaintiffs set forth the following definitions of various words and phrases which are contained herein in order to help the defendant understand the objectives of Plaintiffs' discovery efforts and to locate and furnish the relevant information and materials.

    A.    **DOCUMENTS:**  This word is intended to refer to any medium by which information is recorded, including "papers" of any kind or character, photographs and any method or medium by which information is utilized by computers. In addition to a copy of the original or any such requested documents, the request should be deemed to include a request for a copy of any and all studies, reports, memos, inter-office communication or writings, by whatever name called, which relate to the original, specifically including any material underlying, supporting or used in the preparation of any such documents; and any and all attachments to the original, and any and all documents referred to in the original; and any and all subsequent additions, deletions, substitutions, amendments or modifications to the original of any sort. The word as used herein shall also mean without limitation all written, recorded or graphic matter however produced or reproduced, including but not limited to, originals (or copies where originals are not available), of correspondence, telegrams, notes or sound recordings of any type or personal or telephone conversation, or of meetings or conferences, minutes of directors' or committee meetings, whether formal or informal, memoranda, inter-office communications, studies, analyses, reports, results of investigation, reviews, contracts, agreements, vouchers, invoices, receipts, computer data, operation statements, payroll and expense records, diaries, or papers similar to any of the foregoing however denominated.

B.    **INCIDENT, SAID INCIDENT:** This phrase is intended to refer to the operation of the incident that occurred on the date and occasion set forth in Plaintiffs' complaint. The details of the occasion of said incident are more fully set forth in Plaintiffs' complaint.

C.    **OTHER INCIDENTS, OTHER SIMILAR INCIDENTS:** Whenever either of these phrases is employed, it is intended to refer to any other incident the occurrence of which involves a similar event as that alleged to be involved in the occurrence of said incident; either of these phrases should include the occurrence of such other incidents which has resulted in a report or complaint, a notification, by whatever name called, in which it is stated or alleged that the occurrence of such other incident resulted from a similar event as that alleged in the present incident.

D.    **INFORMATION:** This term is intended to include reference to both facts and applicable principals; this word should not be construed to be limited to any method of acquisition or compilation and should, therefore, be construed to include oral information as well as documents.

## THE MATTERS UPON WHICH EXAMINATION IS REQUESTED AT SUCH A DEPOSITION BEING:

1.  Testimony and documents evidencing or relating to the complete organizational chart of the Defendant as it existed on the date of the incident made the basis of this litigation.

2.  Testimony and documents evidencing or relating to other similar incidents.

3.  Testimony and documents evidencing or relating to facts and circumstances surrounding the incident forming the basis of Plaintiffs' Complaint as to this defendant;

4.  Testimony and documents evidencing or relating to any and all contracts and written agreements entered into between this defendant and any other party to this litigation, dealing with the subject of Plaintiffs' complaint.

5.  Testimony and documents evidencing or relating to any voluntary or mandatory standards and regulations that apply to the incident made basis of Plaintiffs' complaint as to this defendant.

6.  Testimony and documents evidencing or relating to any and all depositions previously given by the designated deponent.

7.

8.  Testimony and documents evidencing or relating to any and all complaints, notifications in any form whatsoever, and/or lawsuits (whether settled or tried, pending or concluded), similar in their nature to the incident made the basis of Plaintiffs' complaint.

9.  Testimony and documents evidencing or relating to any and all policies, plans or procedures this defendant has in order to identify hazards existing on its premises and to prevent injuries to patrons.

DOCUMENT 4

10. Testimony and documents relating to the number and identity of all employees of defendant who were on duty at the time and date of the incident which forms the basis of Plaintiffs' complaint.

Also please note that pursuant to Rule 30(b)(5) and (6), the deponent "shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf and the persons so designated shall testify as to matters known or reasonably available to" the deponent.

Further and pursuant to Rule 30(b)(5) and (6), Plaintiffs request that at the time and place of the taking of said deposition the deponent produce for inspection and copying such documents as defined which evidences or relates to any of the subject matter described in Items 1 through 9 above.

You should further note that in the event the deponent corporation contends that certain books, papers, documents or tangible things are privileged or refuses to produce and for any reason including, but not limited to, a claim of privilege, the deponent is hereby requested to identify the book, paper, document, or tangible thing and give the name and address of the custodian therefor and the reason specifically for its contention that such document is privileged.

ATTORNEY FOR PLAINTIFFS

DOUGLAS FEES (FEE001)
THE COCHRAN FIRM – HUNTSVILLE
401-403 Madison Street
P. O. Box 508
Huntsville, Alabama  35804
(256) 536-1199
dfees@cochranfirm.com

**SERVE WITH SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
7/25/2017 5:36 PM
01-CV-2017-903046.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

ROBERT MIKEL HARDEN
AND VIOLA J. HARDEN ,

      Plaintiff,

                                 **CIVIL ACTION NO.:** _____

vs.

                                 **JURY DEMAND**

DEAN FOODS COMPANY, INC.,
THE BARBER COMPANIES, INC.;  et al.,

      Defendants.

## NOTICE OF DEPOSITION TO THE BARBER COMPANIES, INC.
## PURSUANT TO RULE 30(b)(5) AND (6)

      PLEASE TAKE NOTICE that at a time and location to be agreed upon by the parties, before a court reporter duly authorized under the laws of the State of Alabama, Plaintiffs will take the deposition in accordance with Rule 30(b)(5) and (6) of the Alabama Rules of Civil Procedure of the individual(s) employed by this defendant, who is designated by the defendant to testify about and surrounding matters set out within this notice, or who has the most knowledge regarding the matters set out herein.

## TABLE OF DEFINITIONS/ABBREVIATIONS

      Plaintiffs set forth the following definitions of various words and phrases which are contained herein in order to help the defendant understand the objectives of Plaintiffs' discovery efforts and to locate and furnish the relevant information and materials.

      A.     **DOCUMENTS:**  This word is intended to refer to any medium by which information is recorded, including "papers" of any kind or character, photographs and any method or medium by which information is utilized by computers.  In addition to a copy of the original or any such requested documents, the request should be deemed to include a request for a copy of any and all studies, reports, memos, inter-office communication or writings, by whatever name called, which relate to the original, specifically including any material underlying, supporting or used in the preparation of any such documents; and any and all attachments to the original, and any and all documents referred to in the original; and any and all subsequent additions, deletions, substitutions, amendments or modifications to the original of any sort.  The word as used herein shall also mean without limitation all written, recorded or graphic matter however produced or reproduced, including but not limited to, originals (or copies where originals are not available), of correspondence, telegrams, notes or sound recordings of any type or personal or telephone conversation, or of meetings or conferences, minutes of directors' or committee meetings, whether formal or informal, memoranda, inter-office communications, studies, analyses, reports, results of investigation, reviews, contracts, agreements, vouchers, invoices, receipts, computer data, operation statements, payroll and expense records, diaries, or papers similar to any of the foregoing however denominated.

B.     **INCIDENT, SAID INCIDENT:**  This phrase is intended to refer to the operation of the incident that occurred on the date and occasion set forth in Plaintiffs' complaint.  The details of the occasion of said incident are more fully set forth in Plaintiffs' complaint.

C.     **OTHER INCIDENTS, OTHER SIMILAR INCIDENTS:**  Whenever either of these phrases is employed, it is intended to refer to any other incident the occurrence of which involves a similar event as that alleged to be involved in the occurrence of said incident; either of these phrases should include the occurrence of such other incidents which has resulted in a report or complaint, a notification, by whatever name called, in which it is stated or alleged that the occurrence of such other incident resulted from a similar event as that alleged in the present incident.

D.     **INFORMATION:**  This term is intended to include reference to both facts and applicable principals; this word should not be construed to be limited to any method of acquisition or compilation and should, therefore, be construed to include oral information as well as documents.

## THE MATTERS UPON WHICH EXAMINATION IS REQUESTED AT SUCH A DEPOSITION BEING:

1. Testimony and documents evidencing or relating to the complete organizational chart of the Defendant as it existed on the date of the incident made the basis of this litigation.

2. Testimony and documents evidencing or relating to other similar incidents.

3. Testimony and documents evidencing or relating to facts and circumstances surrounding the incident forming the basis of Plaintiffs' Complaint as to this defendant;

4. Testimony and documents evidencing or relating to any and all contracts and written agreements entered into between this defendant and any other party to this litigation, dealing with the subject of Plaintiffs' complaint.

5. Testimony and documents evidencing or relating to any voluntary or mandatory standards and regulations that apply to the incident made basis of Plaintiffs' complaint as to this defendant.

6. Testimony and documents evidencing or relating to any and all depositions previously given by the designated deponent.

7.

8. Testimony and documents evidencing or relating to any and all complaints, notifications in any form whatsoever, and/or lawsuits (whether settled or tried, pending or concluded), similar in their nature to the incident made the basis of Plaintiffs' complaint.

9. Testimony and documents evidencing or relating to any and all policies, plans or procedures this defendant has in order to identify hazards existing on its premises and to prevent injuries to patrons.

10. Testimony and documents relating to the number and identity of all employees of defendant who were on duty at the time and date of the incident which forms the basis of Plaintiffs' complaint.

Also please note that pursuant to Rule 30(b)(5) and (6), the deponent "shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf and the persons so designated shall testify as to matters known or reasonably available to" the deponent.

Further and pursuant to Rule 30(b)(5) and (6), Plaintiffs request that at the time and place of the taking of said deposition the deponent produce for inspection and copying such documents as defined which evidences or relates to any of the subject matter described in Items 1 through 9 above.

You should further note that in the event the deponent corporation contends that certain books, papers, documents or tangible things are privileged or refuses to produce and for any reason including, but not limited to, a claim of privilege, the deponent is hereby requested to identify the book, paper, document, or tangible thing and give the name and address of the custodian therefor and the reason specifically for its contention that such document is privileged.

ATTORNEY FOR PLAINTIFFS

s:/Douglas J. Fees
DOUGLAS J. FEES (FEE001)
THE COCHRAN FIRM – HUNTSVILLE
401-403 Madison Street
P. O. Box 508
Huntsville, Alabama   35804
(256) 536-1199
dfees@cochranfirm.com

**SERVE WITH SUMMONS AND COMPLAINT**

DOCUMENT 6

ELECTRONICALLY FILED
7/25/2017 5:36 PM
01-CV-2017-903046.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNT
## BIRMINGHAM DIVISION

**ROBERT MIKEL HARDEN**
**AND VIOLA J. HARDEN ,**

       Plaintiff,

vs.

**DEAN FOODS COMPANY, INC.,**
**THE BARBER COMPANIES, INC.;  et al.,**

       Defendants.

**CIVIL ACTION NO.:** _____

**JURY DEMAND**

## PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANTS

Pursuant to Rule 34 of the *Alabama Rules of Civil  Procedure*, Plaintiffs request Defendants, separately,  to produce and to permit the Plaintiffs to inspect and/or copy the documents requested herein; said production, inspection and/or copying of the following documents to take place at the time and location agreed upon by the parties.

## TABLE OF DEFINITIONS/ABBREVIATIONS

The Plaintiffs set forth the following definitions of various words and phrases which are contained herein in order to help the defendant understand the objectives of Plaintiffs' discovery efforts and to locate and furnish the relevant information and materials.

    A.    **DOCUMENTS:**  This word is intended to refer to any medium by which information is recorded, including "papers" of any kind or character, photographs and any method or medium by which information is utilized by computers.  In addition to a copy of the original or any such requested documents, the request should be deemed to include a request for a copy of any and all studies, reports, memos, inter-office communication or writings, by whatever name called, which relate to the original, specifically including any material underlying, supporting or used in the preparation of any such documents; and any and all attachments to the original, and any and all documents referred to in the original; and any and all subsequent additions, deletions, substitutions, amendments or modifications to the original of any sort.  The word as used herein shall also mean without limitation all written, recorded or graphic matter however produced or reproduced, including but not limited to, originals (or copies where originals are not available), of correspondence, telegrams, notes or sound recordings of any type or personal or telephone conversation, or of meetings or conferences, minutes of directors' or committee meetings, whether formal or informal, memoranda, inter-office communications, studies, analyses, reports, results of investigation, reviews, contracts, agreements, vouchers, invoices, receipts, computer data, operation statements, payroll and expense records, diaries, or papers similar to any of the foregoing however denominated.

B.      **INCIDENT, SAID INCIDENT:** This phrase is intended to refer to the operation of the incident that occurred on the date and occasion set forth in Plaintiffs' complaint. The details of the occasion of said incident are more fully set forth in Plaintiffs' complaint.

C.      **OTHER INCIDENTS, OTHER SIMILAR INCIDENTS:** Whenever either of these phrases is employed, it is intended to refer to any other incident the occurrence of which involves a similar event as that alleged to be involved in the occurrence of said incident; either of these phrases should include the occurrence of such other incidents which has resulted in a report or complaint, a notification, by whatever name called, in which it is stated or alleged that the occurrence of such other incident resulted from a similar event as that alleged in the present incident.

D.      **INFORMATION:** This term is intended to include reference to both facts and applicable principals; this word should not be construed to be limited to any method of acquisition or compilation and should, therefore, be construed to include oral information as well as documents.

E.      **HAZARD:**     The word "hazard" shall be deemed to refer to any condition or any changing set of circumstances which present an injury potential.

Please produce for inspection and/or copying each of the following:

1. Documents evidencing or relating to the complete organizational chart of this Defendant as it existed on the date of the incident made the basis of this litigation.

2. Documents evidencing or relating to other similar incidents.

3. Documents evidencing or relating to facts and circumstances surrounding the incident forming the basis of Plaintiff's Complaint as to this defendant.

4. Documents evidencing or relating to any and all contracts and written agreements entered into between this defendant and any other party to this litigation, dealing with the subject of Plaintiffs' complaint.

5. Documents evidencing or relating to any voluntary or mandatory standards and regulations that apply to the incident made basis of Plaintiffs' complaint as to this defendant.

6. Documents evidencing or relating to any and all depositions previously given by the designated deponent.

DOCUMENT 6

7.  Documents evidencing or relating to any and all complaints, notifications in any form whatsoever, and/or lawsuits (whether settled or tried, pending or concluded), similar in their nature to the incident made the basis of Plaintiffs' complaint.

8.  Documents evidencing or relating to the maintenance, construction and/or renovation of the area where this incident occurred prior to and including the date of the incident made the basis of Plaintiffs' complaint.

9.  Documents evidencing or relating to any and all photographs of the location of the incident, or any other photographs which relate to the incident made the basis of Plaintiffs' complaint.

10. Documents evidencing or relating to any and all statements obtained from any person or entity regarding the events involved in the occurrence made the basis of Plaintiffs' complaint.

11. Documents evidencing or relating to any and all statements of the Plaintiffs.

12. Documents evidencing or relating to any and all reports from experts regarding the occurrence made the basis of Plaintiffs' complaint.

13. Documents evidencing or relating to any and all falls experienced by guests and employees at the The Barber Companies, Inc., 36 Barber Court, Homewood location, prior to the incident made the basis of Plaintiffs' complaint.

14. Documents evidencing or relating to any investigation, document or information gathered by agents, servants or employees of the defendant as a result of the incident made the basis of Plaintiffs' complaint.

15. Documents evidencing or relating to any plans, policies, or procedures this defendant had in place prior to August 21, 2015, which related to guest safety and fall prevention.

16. Documents evidencing or relating to any plans, policies, or procedures this defendant had in place prior to August 21, 2015, which related to hazard recognition and the remedying of hazardous or dangerous conditions which may exist on this defendant's property.

17. If you object to the production of any documents because you claim that they are protected by the attorney-client privilege or attorney work product doctrine, identify each document for which the privilege is claimed and provide the following information with respect to each document:
    a. Describe the type of document and state the date of the document;
    b. Identify the person who prepared and/or authorized the document and the person to whom the document was directed;
    c. Identify all persons receiving copies of the document;
    d. Describe the subject matter of the document; and
    e. State the basis on which the privilege is claimed.

18. If you object to the production of any documents because you claim that certain documents are the subject of a protective order provide the following information with respect to each document:
    a. Identify the case in which the protective order was entered; and
    b. Produce a copy of the protective order that you claim prevents the disclosure.

ATTORNEYS FOR PLAINTIFF

DOUGLAS J. FEES (FEE001)
**The Cochran Firm -Huntsville**
401-403 Madison Street P O Box 508
Huntsville, Alabama   35804-0508
(256) 536-1199
dfees@cochranfirm.com

**SERVE WITH SUMMONS AND COMPLAINT**

DOCUMENT 7

ELECTRONICALLY FILED
7/25/2017 5:36 PM
01-CV-2017-903046.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNT
### BIRMINGHAM DIVISION

**ROBERT MIKEL HARDEN**
**AND VIOLA J. HARDEN ,**

       Plaintiff,

                            **CIVIL ACTION NO.:** _____

vs.

                            **JURY DEMAND**

**DEAN FOODS COMPANY, INC.,**
**THE BARBER COMPANIES, INC.; et al.,**

       Defendants.

## PLAINTIFFS' REQUEST FOR ADMISSIONS TO
### DEFENDANTS

       Pursuant to the *Alabama Rules of Civil Procedure* Plaintiffs hereby request defendants, separately, to admit the truth of the following matters of fact:

1.      On or about the August 21, 2015, this defendant was the owner of the premises made the basis of Plaintiffs' complaint.

2.      This defendant was in control of the area where Robert Mikel Harden was injured at the time of the occurrence made the basis of Plaintiffs' complaint.

3.      There were no warning notices posted in the area which Robert Mikel Harden was walking prior to her injuries which are made the basis of Plaintiffs' complaint.

4.      Robert Mikel Harden sustained injuries as a result of the incident made the basis of Plaintiffs' complaint.

5.      Prior to the incident made the basis of Plaintiffs' complaint, defendant knew that guests such as plaintiff Robert Mikel Harden could be injured as a result of conditions on the property.

6.      Prior to the incident made the basis of Plaintiffs' complaint, there were no warnings in place to make people aware of the hazard presented at the location where Plaintiff sustained her injuries.

DOCUMENT 7

7.      Prior to the incident made the basis of Plaintiffs' complaint, other guests had been injured as a result of falling at or near the same location where Plaintiff Robert Mikel Harden sustained her injuries.

8.      Defendant had immediate notice of the injuries sustained by Robert Mikel Harden and made the basis of Plaintiffs' complaint.

9.      Plaintiff did not contribute to the cause of this incident.

10.     Prior to the incident made the basis of Plaintiffs' complaint, it was foreseeable that the conditions of the property where Plaintiff sustained her injuries could lead to injuries by this defendant's patrons.

11.     Prior to the incident made the basis of Plaintiffs' complaint, Defendant made no effort to warn Plaintiff Robert Mikel Harden of the danger its facility presented.

12.     Plaintiff Robert Mikel Harden was a lawful invitee of defendant's facility at the date and time of the incident made the basis of Plaintiffs' complaint.

13.     Plaintiff Robert Mikel Harden was lawfully on this defendant's premises at the date and time of the incident made the basis of Plaintiffs' complaint.

ATTORNEYS FOR PLAINTIFF

DOUGLAS J. FEES   FEE001
The Cochran Firm -Huntsville
401-403 Madison Street P O Box 508
Huntsville, Alabama   35804-0508
(256) 536-1199
dfees@cochranfirm.com

**SERVE WITH SUMMONS AND COMPLAINT**

DOCUMENT 8



ELECTRONICALLY FILED
7/25/2017 5:36 PM
01-CV-2017-903046.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

**ROBERT MIKEL HARDEN**
**AND VIOLA J. HARDEN ,**

      Plaintiff,

vs.

**DEAN FOODS COMPANY, INC.,**
**THE BARBER COMPANIES, INC.; et al.,**

      Defendants.

**CIVIL ACTION NO.:** _____

**JURY DEMAND**

## PLAINTIFFS' REQUEST FOR INSPECTION

Pursuant to Rule 34 of the *Alabama Rules of Civil Procedure*, Plaintiff requests that

Defendants permit Plaintiff to inspect, survey, videotape and photograph the premises located at

35 Barber Court, Homewood, AL 35209, involved in the incident made the basis of Plaintiffs'

Complaint; said inspection to take place on a mutually convenient date and time.

ATTORNEY FOR PLAINTIFF

DOUGLAS L. FEES (FEE001)
**THE COCHRAN FIRM -HUNTSVILLE**
401-403 Madison Street
P. O. Box 508
Huntsville, Alabama  35804
(256) 536-1199 f: (256) 536-7754
*dfees@cochranfirm.com*

**TO BE SERVED WITH SUMMONS AND COMPLAINT**



AlaFile E-Notice

01-CV-2017-903046.00

To:  DOUGLAS J FEES
     dfees@cochranfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following complaint was FILED on 7/25/2017 5:36:37 PM

Notice Date:        7/25/2017 5:36:37 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903046.00

To:  DEAN FOODS COMPANY, INC.
     C/O FRED BALL/RICHARD BAL
     200 S. LAWRENCE STREET
     MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following complaint was FILED on 7/25/2017 5:36:37 PM

Notice Date:     7/25/2017 5:36:37 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903046.00

To:  THE BARBER COMPANIES, INC.
     C/O GEORGE W. BARBER JR.
     27 IVERNESS CENTER PARKWA
     BIRMINGHAM, AL, 35242

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following complaint was FILED on 7/25/2017 5:36:37 PM

Notice Date:     7/25/2017 5:36:37 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2017-903046.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL

**NOTICE TO:** DEAN FOODS COMPANY, INC., C/O FRED BALL/RICHARD BAL 200 S. LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DOUGLAS J FEES

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 401–403 MADISON STREET, HUNTSVILLE, AL 35801

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ROBERT MIKEL HARDEN pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 7/25/2017 5:36:37 PM | /s/ ANNE-MARIE ADAMS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ DOUGLAS J FEES

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*     *(Name of County)*

Alabama on _____.

*(Date)*

_____   _____    *(Address of Server)*

*(Type of Process Server)*    *(Server's Signature)*

_____   _____

*(Server's Printed Name)*    *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2017-903046.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL

**NOTICE TO:** THE BARBER COMPANIES, INC., C/O GEORGE W. BARBER JR. 27 IVERNESS CENTER PARKWA, BIRMINGHAM, AL 35242

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DOUGLAS J FEES

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 401-403 MADISON STREET, HUNTSVILLE, AL 35801

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of RENE ROBERT MIKEL HARDEN

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 7/25/2017 5:36:37 PM | /s/ ANNE-MARIE ADAMS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ DOUGLAS J FEES

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                          *(Name of County)*

Alabama on _____.

*(Date)*

_____        _____

*(Type of Process Server)*                          *(Address of Server)*

                                   *(Server's Signature)*

_____        _____

*(Server's Printed Name)*                          *(Phone Number of Server)*

ELECTRONICALLY FILED
7/26/2017 8:46 AM
01-CV-2017-903046.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

### IN THE CIRCUIT COURT OF JEFFERSON COUNT
### BIRMINGHAM DIVISION

**ROBERT MIKEL HARDEN**
**AND VIOLA J. HARDEN ,**

      Plaintiff,

                                   **CIVIL ACTION NO.:  CV17-903046**

vs.

                                   **JURY DEMAND**

**DEAN FOODS COMPANY, INC.,**
**THE BARBER COMPANIES, INC.; et al.,**

      Defendants.

### AFFIDAVIT OF CERTIFIED MAILING OF PROCESS AND COMPLAINT

      My name is DOUGLAS J. FEES, a licensed attorney in the State of Alabama, practicing law with the firm of THE COCHRAN FIRM - HUNTSVILLE.  The said firm is attorney of record for Plaintiff.  I hereby verify as follows:

      A filed copy of the process and complaint, along with discovery documents to be served, have been mailed by certified mail to Defendant The Barber Companies, Inc., on July 26, 2017 in accordance with *Ala Rules of Civ. Proc.* 4 (i)(2)(B)(ii).  The envelope was properly addressed with sufficient postage affixed, and a copy of the mailing is attached hereto.  The return receipt is addressed to the Clerk of this Honorable Court with the case number identified on said return receipt.

      Dated:  <u>July 26, 2017</u>

                                       DOUGLAS J. FEES

SWORN TO AND SUBSCRIBED BEFORE ME
This day, July 26, 2017.

_____

NOTARY PUBLIC

My Commission Expires: <u>April 7, 2018</u>



USPS TRACKING #

9590 9402 2433 6249 3651 97

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Clerk, Jefferson County Circuit Court
716 Richard Arrington Blvd North
Birmingham, AL  35203



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee     $  3.35     Harden
Extra Services & Fees (check box, add fee as appropriate)
☒ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $  2.75
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery  $

Postmark
Here

Postage     $  1.82
Total Postage and Fees     $  7.92

Sent To   The Barber Companies, Inc.
Street and A   c/o George W. Barber, Jr.
          27 Iverness Center Parkway
City, State, Z   Birmingham, AL 35242

PS Form 38                    See Reverse for Instructions

7016 1370 0000 9436 0694
7016 1370 0000 9436 0694

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Barber Companies, Inc.
c/o George W. Barber, Jr.
27 Iverness Center Parkway
Birmingham, AL 35242
01-CV-2017-903146

9590 9402 2433 6249 3651 97

2. Article Number *(Transfer from service label)*

7016 1370 0000 9436 0694

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

THE COCHRAN FIRM - HUNTSVILLE
POST OFFICE BOX 508
HUNTSVILLE, AL 35804-0508

The Barber Companies, Inc.
c/o George W. Barber, Jr.
27 Iverness Center Parkway
Birmingham, AL 35242



CERTIFIED MAIL

7016 1370 0000 9436 0694



UNITED STATES POSTA...
$007.920
PITNEY BOWES
02 1P
0000848355 JUL. 29.2017
MAILED FROM ZIP CODE 35801



AlaFile E-Notice

01-CV-2017-903046.00

To:  DOUGLAS J FEES
     dfees@cochranfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following AFFIDAVIT OF CERTIFIED MAILING OF PROCESS AND COMPLAINT
was FILED on 7/26/2017 8:46:30 AM

Notice Date:     7/26/2017 8:46:30 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903046.00

To: DEAN FOODS COMPANY, INC. (PRO SE)
C/O FRED BALL/RICHARD BAL
200 S. LAWRENCE STREET
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following AFFIDAVIT OF CERTIFIED MAILING OF PROCESS AND COMPLAINT
was FILED on 7/26/2017 8:46:30 AM

Notice Date:     7/26/2017 8:46:30 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903046.00

To:  THE BARBER COMPANIES, INC. (PRO SE)
     C/O GEORGE W. BARBER JR.
     27 IVERNESS CENTER PARKWA
     BIRMINGHAM, AL, 35242-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following AFFIDAVIT OF CERTIFIED MAILING OF PROCESS AND COMPLAINT
was FILED on 7/26/2017 8:46:30 AM

Notice Date:     7/26/2017 8:46:30 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903046.00

To:  DOUGLAS J FEES
     dfees@cochranfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following AFFIDAVIT OF CERTIFIED MAILING OF PROCESS AND COMPLAINT
was FILED on 7/26/2017 8:46:30 AM

Notice Date:     7/26/2017 8:46:30 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov


ELECTRONICALLY FILED
7/26/2017 8:52 AM
01-CV-2017-903046.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY**
**BIRMINGHAM DIVISION**

**ROBERT MIKEL HARDEN**
**AND VIOLA J. HARDEN ,**

       Plaintiff,

                                **CIVIL ACTION NO.:  CV17-903046**

vs.

                                **JURY DEMAND**

**DEAN FOODS COMPANY, INC.,**
**THE BARBER COMPANIES, INC.; et al.,**

       Defendants.

### AFFIDAVIT OF CERTIFIED MAILING OF PROCESS AND COMPLAINT

My name is DOUGLAS J. FEES, a licensed attorney in the State of Alabama, practicing

law with the firm of THE COCHRAN FIRM - HUNTSVILLE.  The said firm is attorney of

record for Plaintiff.  I hereby verify as follows:

A filed copy of the process and complaint, along with discovery documents to be served,

have been mailed by certified mail to Defendant The Barber Companies, Inc., on July 26, 2017

in accordance with *Ala Rules of Civ. Proc.* 4 (i)(2)(B)(ii).  The envelope was properly addressed

with sufficient postage affixed, and a copy of the mailing is attached hereto.  The return receipt is

addressed to the Clerk of this Honorable Court with the case number identified on said return

receipt.

       Dated:  July 26, 2017

                                       DOUGLAS J. FEES

SWORN TO AND SUBSCRIBED BEFORE ME
This day, July 26, 2017.

NOTARY PUBLIC

My Commission Expires: April 7, 2018

DOCUMENT 13



USPS TRACKING #

9590 9402 2433 6249 3651 97

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Clerk, Jefferson County Circuit Court
716 Richard Arrington Blvd North
Birmingham, AL 35203



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee
$ 3.35    Harden

Extra Services & Fees (check box, add fee as appropriate)
☑ Return Receipt (hardcopy)        $ 2.75
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$ 1.82
Total Postage and Fees
$ 7.92

Sent To   The Barber Companies, Inc.
c/o George W. Barber, Jr.
Street and Apt.
27 Iverness Center Parkway
City, State, ZIP
Birmingham, AL 35242

PS Form 3800

**SENDER: COMPLETE THIS SECTION**

- ☒ Complete items 1, 2, and 3.
- ☒ Print your name and address on the reverse so that we can return the card to you.
- ☒ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Barber Companies, Inc.
c/o George W. Barber, Jr.
27 Iverness Center Parkway
Birmingham, AL 35242
01-CV-2017-9020 46

9590 9402 2433 6249 3651 97

2. Article Number (Transfer from service label)

7016 1370 0000 9436 0694

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                          ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

**THE COCHRAN FIRM - HUNTSVILLE**
**POST OFFICE BOX 508**
**HUNTSVILLE, AL 35804-0508**

The Barber Companies, Inc.
c/o George W. Barber, Jr.
27 Iverness Center Parkway
Birmingham, AL 35242



7016 1370 0000 9436 0694

CERTIFIED MAIL





AlaFile E-Notice

01-CV-2017-903046.00

To: DOUGLAS J FEES
dfees@cochranfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following AFFIDAVIT OF CERTIFIED MAILING OF PROCESS AND COMPLAINT
was FILED on 7/26/2017 8:52:27 AM

Notice Date:      7/26/2017 8:52:27 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903046.00

To: DEAN FOODS COMPANY, INC. (PRO SE)
C/O FRED BALL/RICHARD BAL
200 S. LAWRENCE STREET
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following AFFIDAVIT OF CERTIFIED MAILING OF PROCESS AND COMPLAINT
was FILED on 7/26/2017 8:52:27 AM

Notice Date:    7/26/2017 8:52:27 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903046.00

To:  THE BARBER COMPANIES, INC. (PRO SE)
C/O GEORGE W. BARBER JR.
27 IVERNESS CENTER PARKWA
BIRMINGHAM, AL, 35242-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following AFFIDAVIT OF CERTIFIED MAILING OF PROCESS AND COMPLAINT
was FILED on 7/26/2017 8:52:27 AM

Notice Date:     7/26/2017 8:52:27 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903046.00

To:  DOUGLAS J FEES
     dfees@cochranfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following AFFIDAVIT OF CERTIFIED MAILING OF PROCESS AND COMPLAINT
was FILED on 7/26/2017 8:52:27 AM

Notice Date:     7/26/2017 8:52:27 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
7/26/2017 8:53 AM
01-CV-2017-903046.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNT
### BIRMINGHAM DIVISION

**ROBERT MIKEL HARDEN
AND VIOLA J. HARDEN ,**

       Plaintiff,

vs.

**DEAN FOODS COMPANY, INC.,
THE BARBER COMPANIES, INC.; et al.,**

       Defendants.

**CIVIL ACTION NO.:  CV17-903046**

**JURY DEMAND**

### AFFIDAVIT OF CERTIFIED MAILING OF PROCESS AND COMPLAINT

My name is DOUGLAS J. FEES, a licensed attorney in the State of Alabama, practicing law with the firm of THE COCHRAN FIRM - HUNTSVILLE. The said firm is attorney of record for Plaintiff. I hereby verify as follows:

A filed copy of the process and complaint, along with discovery documents to be served, have been mailed by certified mail to Defendant Dean Foods Company, Inc., on July 26, 2017 in accordance with *Ala Rules of Civ. Proc.* 4 (i)(2)(B)(ii). The envelope was properly addressed with sufficient postage affixed, and a copy of the mailing is attached hereto. The return receipt is addressed to the Clerk of this Honorable Court with the case number identified on said return receipt.

Dated:  July 26, 2017

DOUGLAS J. FEES

SWORN TO AND SUBSCRIBED BEFORE ME
This day, July 26, 2017.

NOTARY PUBLIC

My Commission Expires: April 7, 2018

USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 2433 6249 3652 03

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Clerk, Jefferson County Circuit Court
716 Richard Arrington Blvd North
Birmingham, AL 35203



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

| Certified Mail Fee | | |
| --- | --- | --- |
| $ | 3.35 | Harden |
| Extra Services & Fees (check box, add fee as appropriate) | | |
| ☒ Return Receipt (hardcopy) | $ 2.75 | |
| ☐ Return Receipt (electronic) | $ | Postmark |
| ☐ Certified Mail Restricted Delivery | $ | Here |
| ☐ Adult Signature Required | $ | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | | |
| $ | 1.82 | |
| Total Postage and Fees | | |
| $ | 7.92 | |

Sent To   Dean Foods Company, Inc.
Street and Apt.   c/o Fred S. Ball Jr./Richard Ball
City, State, ZIP   200 S. Lawrence Street
                    Montgomery, AL  36104

PS Form 3800

7016 0600 0000 0922 9043

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dean Foods Company, Inc.
c/o Fred S. Ball Jr./Richard Ball
200 S. Lawrence Street
Montgomery, AL  36104
01-CV-2017-90 30 46

9590 9402 2433 6249 3652 03

2. Article Number (Transfer from service label)

7016 0600 0000 0622 9041

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053         Domestic Return Receipt

THE COCHRAN FIRM - HUNTSVILLE
POST OFFICE BOX 508
HUNTSVILLE, AL 35804-0508

Dean Foods Company, Inc.
c/o Fred S. Ball Jr./Richard Ball
200 S. Lawrence Street
Montgomery, AL  36104



CERTIFIED MAIL

7016 0600 0000 0622 9041



UNITED STATES POSTAGE
$007.920
02 1P
0000840356
MAILED FROM ZIP CODE 35801
JUL 26 2017



AlaFile E-Notice

01-CV-2017-903046.00

To:   DOUGLAS J FEES
      dfees@cochranfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following AFFIDAVIT OF CERTIFIED MAILING OF PROCESS AND COMPLAINT
was FILED on 7/26/2017 8:53:55 AM

Notice Date:     7/26/2017 8:53:55 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903046.00

To: DEAN FOODS COMPANY, INC. (PRO SE)
C/O FRED BALL/RICHARD BAL
200 S. LAWRENCE STREET
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following AFFIDAVIT OF CERTIFIED MAILING OF PROCESS AND COMPLAINT
was FILED on 7/26/2017 8:53:55 AM

Notice Date:     7/26/2017 8:53:55 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903046.00

To:  THE BARBER COMPANIES, INC. (PRO SE)
     C/O GEORGE W. BARBER JR.
     27 IVERNESS CENTER PARKWA
     BIRMINGHAM, AL, 35242-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following AFFIDAVIT OF CERTIFIED MAILING OF PROCESS AND COMPLAINT
was FILED on 7/26/2017 8:53:55 AM

Notice Date:      7/26/2017 8:53:55 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903046.00

To:   DOUGLAS J FEES
      dfees@cochranfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following AFFIDAVIT OF CERTIFIED MAILING OF PROCESS AND COMPLAINT
was FILED on 7/26/2017 8:53:55 AM

Notice Date:     7/26/2017 8:53:55 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

x _Mary Norwood_

☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

_Mary Norwood_  7/27/17

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Barber Companies, Inc.
c/o George W. Barber, Jr.
27 Iverness Center Parkway
Birmingham, AL 35242
01-CV-2017-902046



9590 9402 2433 6249 3651 97

2. Article Number (Transfer from service label)

7016 1370 0000 9436 0694

3. Service Type
☐ Priority Mail Express®
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt



DOCUMENT 17

United States
Postal Service

USPS TRACKING #

9590 9402 2433 6249 3651 97

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

* Sender: Please print your name, address, and ZIP+4 in this box *

Clerk, Jefferson County Circuit Court
716 Richard Arrington Blvd North
Birmingham, AL 35203

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

JUL 31 2017

ANNE-MARIE ADAMS
CLERK



AlaFile E-Notice

01-CV-2017-903046.00

Judge: TAMARA HARRIS JOHNSON

To:  FEES DOUGLAS JAYE
     dfees@cochranfirm.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following matter was served on 7/27/2017

**D002 THE BARBER COMPANIES, INC.**

**Corresponding To**

CERTIFIED MAIL

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dean Foods Company, Inc.
c/o Fred S. Ball Jr./Richard Ball
200 S. Lawrence Street
Montgomery, AL  36104
01-CV-2017-90304 46



9590 9402 2433 6249 3652 03

2. Article Number *(Transfer from service label)*

7016 0600 0000 0622 9041

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☐ Agent
                       ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

Doug Reedy



D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9063          Domestic Return Receipt

DOCUMENT 19





USPS TRACKING #

9590 9402 2433 6249 3652 03

**United States Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

AUG 09 2017

ANNE-MARIE ADAMS
CLERK

* Sender: Please print your name, address, and ZIP+4® in this box*

Clerk, Jefferson County Circuit Court
716 Richard Arrington Blvd North
Birmingham, AL 35203



AlaFile E-Notice

01-CV-2017-903046.00

Judge: TAMARA HARRIS JOHNSON

To:  FEES DOUGLAS JAYE
     dfees@cochranfirm.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following matter was served on 8/7/2017

**D001 DEAN FOODS COMPANY, INC.**

**Corresponding To**

AUTHORIZED SERVICE

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
8/15/2017 7:58 AM
01-CV-2017-903046.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNT
### BIRMINGHAM DIVISION

**ROBERT MIKEL HARDEN**
**AND VIOLA J. HARDEN ,**

      Plaintiff,

                                     **CIVIL ACTION NO.:  CV17-903046**

vs.

                                     **JURY DEMAND**

**DEAN TRANSPORTATION, INC.; et al.,**

      Defendants.

## PLAINTIFFS' REQUEST FOR ADMISSIONS TO DEFENDANT

      Pursuant to the *Alabama Rules of Civil Procedure* Plaintiffs hereby request defendants, separately, to admit the truth of the following matters of fact:

1.      On or about the August 21, 2015, this defendant was the owner of the premises made the basis of Plaintiffs' complaint.

2.      This defendant was in control of the area where Robert Mikel Harden was injured at the time of the occurrence made the basis of Plaintiffs' complaint.

3.      There were no warning notices posted in the area which Robert Mikel Harden was walking prior to her injuries which are made the basis of Plaintiffs' complaint.

4.      Robert Mikel Harden sustained injuries as a result of the incident made the basis of Plaintiffs' complaint.

5.      Prior to the incident made the basis of Plaintiffs' complaint, defendant knew that guests such as plaintiff Robert Mikel Harden could be injured as a result of conditions on the property.

6.      Prior to the incident made the basis of Plaintiffs' complaint, there were no warnings in place to make people aware of the hazard presented at the location where Plaintiff sustained her injuries.

7.      Prior to the incident made the basis of Plaintiffs' complaint, other guests had been injured as a result of falling at or near the same location where Plaintiff Robert Mikel Harden sustained her injuries.

8.     Defendant had immediate notice of the injuries sustained by Robert Mikel Harden and made the basis of Plaintiffs' complaint.

9.     Plaintiff did not contribute to the cause of this incident.

10.    Prior to the incident made the basis of Plaintiffs' complaint, it was foreseeable that the conditions of the property where Plaintiff sustained her injuries could lead to injuries by this defendant's patrons.

11.    Prior to the incident made the basis of Plaintiffs' complaint, Defendant made no effort to warn Plaintiff Robert Mikel Harden of the danger its facility presented.

12.    Plaintiff Robert Mikel Harden was a lawful invitee of defendant's facility at the date and time of the incident made the basis of Plaintiffs' complaint.

13.    Plaintiff Robert Mikel Harden was lawfully on this defendant's premises at the date and time of the incident made the basis of Plaintiffs' complaint.

ATTORNEYS FOR PLAINTIFF

DOUGLAS J. FEES   FEE001
The Cochran Firm -Huntsville
401-403 Madison Street P O Box 508
Huntsville, Alabama   35804-0508
(256) 536-1199
dfees@cochranfirm.com

**SERVE WITH SUMMONS AND COMPLAINT**



DOCUMENT 22

ELECTRONICALLY FILED
8/15/2017 7:58 AM
01-CV-2017-903046.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY
### BIRMINGHAM DIVISION

**ROBERT MIKEL HARDEN**
**AND VIOLA J. HARDEN ,**

      Plaintiff,

                             **CIVIL ACTION NO.:  CV17-903046**

vs.

                             **JURY DEMAND**

**DEAN TRANSPORTATION, INC.; et al.,**

      Defendants.

### INTERROGATORIES TO DEFENDANT

      Plaintiffs propound the following interrogatories to Defendant, to be answered separately, fully, in writing and under oath within the time prescribed by law pursuant to Rule 33 of the *Alabama Rules of Civil Procedure.*

      In answering the interrogatories which follow, you are reminded that you are required to furnish all information available to you including information in possession of your attorney, or any person acting in your or their behalf, as well as information in the possession of any other agent or person under your control, and not merely such information as is known to you or to the personal knowledge of the persons signing the answers to these interrogatories on your behalf. You are reminded finally of the duty of supplementation imposed upon you by Rule 26(e) of the *Alabama Rules of Civil Procedure.*

      If, after diligent inquiry, you are unable to answer an interrogatory completely, so state and set out such knowledge as you do have.

### DEFINITIONS

      In connection with these interrogatories and request for production, the following definitions shall apply unless otherwise indicated:

      "Address" - The term "address" refers to the street number, street, post office box, city, state, and ZIP code of the subject, person, business or other entity.

      "Document" - The term "document" herein referred to includes, but is not limited to, all instruments in writing, in printed forms, type-written form, longhand notations or writings, tape recordings, photographs, video tape recordings, manuals, training manuals, training guides, duty manuals, rules and regulations, transcripts of recorded conversations, transcripts or oral statements, interoffice, intraoffice, interdepartmental or intradepartmental memorandum, notations to files, personal notes and records, and all records, logs, documents, books, writings and physical things of every description and kind which are germane and material to the areas of inquiry.

"Identity," Identify," or "Identification" - When used with reference to a person, the terms "identity," identify," or "identification" includes the full name, title or official capacity, social security numbers, and present or last known address of said person. When used with reference to a document, the terms "identity," or "identification" includes its date, title, author and signer and their address, type of document, and other means of identifying it, its present or last known location, and its custodian and his address. If any document was but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

"You" or "Your" - The terms "you" or "your" includes the named defendant and the individual who prepares and makes answer to these interrogatories on behalf of the named defendant.

1.    Give the names and addresses of persons known to this defendant or its counsel to be witnesses concerning the facts of the case and indicate whether or written or recorded statements have been taken from the witnesses and indicate who has possession of such statement.
RESPONSE:

2.    Set forth a list of photographs, plats, sketches or other prepared documents in possession of the defendants or counsel that relate to the claim or defense in this case.
RESPONSE:

3.    What is your legal designation by which you can sue or be sued?
RESPONSE:

4.    List the names and addresses of any expert witnesses whom you propose to use at the trial of this case.
RESPONSE:

5.    Describe what caused this incident, in your opinion.
RESPONSE:

6.    Describe any and all injuries sustained at your premises made the basis of Plaintiffs' complaint within the ten year period immediately preceding the incident made the basis of Plaintiff's complaint.
RESPONSE:

7.    Describe any and all violations committed by you for which you have been cited in any manner whatsoever by any Federal, State or other regulating entity for the five year period immediately preceding the incident made the basis of Plaintiff's complaint.

RESPONSE:

8.    Is it your opinion or position that the Plaintiff was contributorily negligent?  If so, state fully in what way.
RESPONSE:

9.    Set forth the names and addresses of all insurance companies which have liability insurance coverage relating to this claim and set forth the number or numbers of the policies involved and the amount or amounts of liability coverage provided in each policy.
RESPONSE:

10.    List the names and addresses of any witnesses whom you propose to use as a witness at the trial of this case.
RESPONSE:

11.    Was an incident report created at the time of the incident made the basis of Plaintiffs' complaint?  If so, attach a copy of such document.
RESPONSE:

12.    List the names of the employees on duty at the time of the incident made the basis of Plaintiffs' complaint.  For each employee listed, please provide that employee's job title, home address, and home telephone number.
RESPONSE:

13.    List all of the repairs and/or improvements made to the area at which Plaintiff sustained her injuries?
RESPONSE:

14.    Who made such repairs and/or improvements?
RESPONSE:

15.    Has anyone other than Plaintiff ever suffered injury on the subject premises?  If so, state each individual's name, last known address and phone number, the circumstances surrounding the injury, the extent of the injury and any corrective measures taken by these defendants as a result of such injuries.
RESPONSE:

16.     Since the date of the incident made the basis of Plaintiffs' complaint, what, if any, repairs, improvements, and/or renovations have been made by this defendant to its facility as a result of this incident?
RESPONSE:


17.     Prior to or at the time of the incident made the basis of Plaintiffs' complaint, were there any warnings (signage, etc.) present to alert persons such as Plaintiff as to the danger of losing one's footing? If so, describe such warnings in detail.  If not, why not?
RESPONSE:


18.     Do you contend that Plaintiff was not a lawful invitee of this defendant at the date and time of her injuries?  If you contend that she was not a lawful invitee, please state the factual basis for that contention.
RESPONSE:


19.     Describe in detail the area on which Plaintiff sustained her injuries.  Specifically include a complete description of the materials on the ground, what hazards were located there, etc.
RESPONSE:


20.     Did this defendant have any cameras installed in its facility which would have filmed Plaintiff's injury and/or that portion of the facility where Plaintiff sustained her injuries?  If so, please indicate who currently has possession of such video footage.
RESPONSE:

                                        ATTORNEYS FOR PLAINTIFFS



                                        DOUGLAS J. FEES (FEE001)
                                        THE COCHRAN FIRM –HUNTSVILLE
                                        401-403 Madison Street
                                        P. O. Box 508
                                        Huntsville, Alabama   35804
                                        (256) 536-1199
                                        dfees@cochranfirm.com


                    SERVE WITH SUMMONS & COMPLAINT




                              *Interrogatories to Defendant*
                                    *Page 4 of 4*

ELECTRONICALLY FILED
8/15/2017 7:58 AM
01-CV-2017-903046.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNT
### BIRMINGHAM DIVISION

**ROBERT MIKEL HARDEN**
**AND VIOLA J. HARDEN ,**

       Plaintiff,

vs.

**DEAN TRANSPORTATION, INC.; et al.,**

       Defendants.

**CIVIL ACTION NO.:  CV17-903046**

**JURY DEMAND**

### NOTICE OF DEPOSITION TO DEAN TRANSPORTATION, INC.
### PURSUANT TO RULE 30(b)(5) AND (6)

PLEASE TAKE NOTICE that at a time and location to be agreed upon by the parties, before a court reporter duly authorized under the laws of the State of Alabama, Plaintiffs will take the deposition in accordance with Rule 30(b)(5) and (6) of the Alabama Rules of Civil Procedure of the individual(s) employed by this defendant, who is designated by the defendant to testify about and surrounding matters set out within this notice, or who has the most knowledge regarding the matters set out herein.

### TABLE OF DEFINITIONS/ABBREVIATIONS

Plaintiffs set forth the following definitions of various words and phrases which are contained herein in order to help the defendant understand the objectives of Plaintiffs' discovery efforts and to locate and furnish the relevant information and materials.

A.    **DOCUMENTS:**  This word is intended to refer to any medium by which information is recorded, including "papers" of any kind or character, photographs and any method or medium by which information is utilized by computers.  In addition to a copy of the original or any such requested documents, the request should be deemed to include a request for a copy of any and all studies, reports, memos, inter-office communication or writings, by whatever name called, which relate to the original, specifically including any material underlying, supporting or used in the preparation of any such documents; and any and all attachments to the original, and any and all documents referred to in the original; and any and all subsequent additions, deletions, substitutions, amendments or modifications to the original of any sort.  The word as used herein shall also mean without limitation all written, recorded or graphic matter however produced or reproduced, including but not limited to, originals (or copies where originals are not available), of correspondence, telegrams, notes or sound recordings of any type or personal or telephone conversation, or of meetings or conferences, minutes of directors' or committee meetings, whether formal or informal, memoranda, inter-office communications, studies, analyses, reports, results of investigation, reviews, contracts, agreements, vouchers, invoices, receipts, computer data, operation statements, payroll and expense records, diaries, or papers similar to any of the foregoing however denominated.

B.    **INCIDENT, SAID INCIDENT:**  This phrase is intended to refer to the operation of the incident that occurred on the date and occasion set forth in Plaintiffs' complaint.  The details of the occasion of said incident are more fully set forth in Plaintiffs' complaint.

C.    **OTHER INCIDENTS, OTHER SIMILAR INCIDENTS:**  Whenever either of these phrases is employed, it is intended to refer to any other incident the occurrence of which involves a similar event as that alleged to be involved in the occurrence of said incident; either of these phrases should include the occurrence of such other incidents which has resulted in a report or complaint, a notification, by whatever name called, in which it is stated or alleged that the occurrence of such other incident resulted from a similar event as that alleged in the present incident.

D.    **INFORMATION:**  This term is intended to include reference to both facts and applicable principals; this word should not be construed to be limited to any method of acquisition or compilation and should, therefore, be construed to include oral information as well as documents.

## THE MATTERS UPON WHICH EXAMINATION IS REQUESTED AT SUCH A DEPOSITION BEING:

1.  Testimony and documents evidencing or relating to the complete organizational chart of the Defendant as it existed on the date of the incident made the basis of this litigation.

2.  Testimony and documents evidencing or relating to other similar incidents.

3.  Testimony and documents evidencing or relating to facts and circumstances surrounding the incident forming the basis of Plaintiffs' Complaint as to this defendant;

4.  Testimony and documents evidencing or relating to any and all contracts and written agreements entered into between this defendant and any other party to this litigation, dealing with the subject of Plaintiffs' complaint.

5.  Testimony and documents evidencing or relating to any voluntary or mandatory standards and regulations that apply to the incident made basis of Plaintiffs' complaint as to this defendant.

6.  Testimony and documents evidencing or relating to any and all depositions previously given by the designated deponent.

7.

8.  Testimony and documents evidencing or relating to any and all complaints, notifications in any form whatsoever, and/or lawsuits (whether settled or tried, pending or concluded), similar in their nature to the incident made the basis of Plaintiffs' complaint.

9.  Testimony and documents evidencing or relating to any and all policies, plans or procedures this defendant has in order to identify hazards existing on its premises and to prevent injuries to patrons.

10. Testimony and documents relating to the number and identity of all employees of defendant who were on duty at the time and date of the incident which forms the basis of Plaintiffs' complaint.

Also please note that pursuant to Rule 30(b)(5) and (6), the deponent "shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf and the persons so designated shall testify as to matters known or reasonably available to" the deponent.

Further and pursuant to Rule 30(b)(5) and (6), Plaintiffs request that at the time and place of the taking of said deposition the deponent produce for inspection and copying such documents as defined which evidences or relates to any of the subject matter described in Items 1 through 9 above.

You should further note that in the event the deponent corporation contends that certain books, papers, documents or tangible things are privileged or refuses to produce and for any reason including, but not limited to, a claim of privilege, the deponent is hereby requested to identify the book, paper, document, or tangible thing and give the name and address of the custodian therefor and the reason specifically for its contention that such document is privileged.

ATTORNEY FOR PLAINTIFFS

DOUGLAS J. FEES (FEE001)
THE COCHRAN FIRM – HUNTSVILLE
401-403 Madison Street
P. O. Box 508
Huntsville, Alabama   35804
(256) 536-1199
dfees@cochranfirm.com

**SERVE WITH SUMMONS AND COMPLAINT**

DOCUMENT 24

ELECTRONICALLY FILED
8/15/2017 7:58 AM
01-CV-2017-903046.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNT
## BIRMINGHAM DIVISION

**ROBERT MIKEL HARDEN
AND VIOLA J. HARDEN ,**

        Plaintiff,

        **CIVIL ACTION NO.:  CV17-903046**

vs.

        **JURY DEMAND**

**DEAN TRANSPORTATION, INC.; et al.,**

        Defendants.

### PLAINTIFFS' REQUEST FOR ADMISSIONS TO DEFENDANT

        Pursuant to the *Alabama Rules of Civil Procedure* Plaintiffs hereby request defendants, separately, to admit the truth of the following matters of fact:

1.      On or about the August 21, 2015, this defendant was the owner of the premises made the basis of Plaintiffs' complaint.

2.      This defendant was in control of the area where Robert Mikel Harden was injured at the time of the occurrence made the basis of Plaintiffs' complaint.

3.      There were no warning notices posted in the area which Robert Mikel Harden was walking prior to her injuries which are made the basis of Plaintiffs' complaint.

4.      Robert Mikel Harden sustained injuries as a result of the incident made the basis of Plaintiffs' complaint.

5.      Prior to the incident made the basis of Plaintiffs' complaint, defendant knew that guests such as plaintiff Robert Mikel Harden could be injured as a result of conditions on the property.

6.      Prior to the incident made the basis of Plaintiffs' complaint, there were no warnings in place to make people aware of the hazard presented at the location where Plaintiff sustained her injuries.

7.      Prior to the incident made the basis of Plaintiffs' complaint, other guests had been injured as a result of falling at or near the same location where Plaintiff Robert Mikel Harden sustained her injuries.

DOCUMENT 24

8.      Defendant had immediate notice of the injuries sustained by Robert Mikel Harden and made the basis of Plaintiffs' complaint.

9.      Plaintiff did not contribute to the cause of this incident.

10.     Prior to the incident made the basis of Plaintiffs' complaint, it was foreseeable that the conditions of the property where Plaintiff sustained her injuries could lead to injuries by this defendant's patrons.

11.     Prior to the incident made the basis of Plaintiffs' complaint, Defendant made no effort to warn Plaintiff Robert Mikel Harden of the danger its facility presented.

12.     Plaintiff Robert Mikel Harden was a lawful invitee of defendant's facility at the date and time of the incident made the basis of Plaintiffs' complaint.

13.     Plaintiff Robert Mikel Harden was lawfully on this defendant's premises at the date and time of the incident made the basis of Plaintiffs' complaint.

ATTORNEYS FOR PLAINTIFF

DOUGLAS J. FEES   FEE001
The Cochran Firm -Huntsville
401-403 Madison Street P O Box 508
Huntsville, Alabama   35804-0508
(256) 536-1199
dfees@cochranfirm.com

**SERVE WITH SUMMONS AND COMPLAINT**

DOCUMENT 125

ELECTRONICALLY FILED
8/15/2017 7:58 AM
01-CV-2017-903046.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNT`
BIRMINGHAM DIVISION

**ROBERT MIKEL HARDEN**
**AND VIOLA J. HARDEN ,**

       Plaintiff,

                            **CIVIL ACTION NO.:  CV17-903046**

vs.

                            **JURY DEMAND**

**DEAN TRANSPORTATION, INC.;  et al.,**

       Defendants.

## PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT

Pursuant to Rule 34 of the *Alabama Rules of Civil   Procedure*, Plaintiffs request Defendant to produce and to permit the Plaintiffs to inspect and/or copy the documents requested herein; said production, inspection and/or copying of the following documents to take place at the time and location agreed upon by the parties.

### TABLE OF DEFINITIONS/ABBREVIATIONS

The Plaintiffs set forth the following definitions of various words and phrases which are contained herein in order to help the defendant understand the objectives of Plaintiffs' discovery efforts and to locate and furnish the relevant information and materials.

A.   **DOCUMENTS:**   This word is intended to refer to any medium by which information is recorded, including "papers" of any kind or character, photographs and any method or medium by which information is utilized by computers.  In addition to a copy of the original or any such requested documents, the request should be deemed to include a request for a copy of any and all studies, reports, memos, inter-office communication or writings, by whatever name called, which relate to the original, specifically including any material underlying, supporting or used in the preparation of any such documents; and any and all attachments to the original, and any and all documents referred to in the original; and any and all subsequent additions, deletions, substitutions, amendments or modifications to the original of any sort.  The word as used herein shall also mean without limitation all written, recorded or graphic matter however produced or reproduced, including but not limited to, originals (or copies where originals are not available), of correspondence, telegrams, notes or sound recordings of any type or personal or telephone conversation, or of meetings or conferences, minutes of directors' or committee meetings, whether formal or informal, memoranda, inter-office communications, studies, analyses, reports, results of investigation, reviews, contracts, agreements, vouchers, invoices, receipts, computer data, operation statements, payroll and expense records, diaries, or papers similar to any of the foregoing however denominated.

B.   **INCIDENT, SAID INCIDENT:** This phrase is intended to refer to the operation of the incident that occurred on the date and occasion set forth in Plaintiffs' complaint.  The details of the occasion of said incident are more fully set forth in Plaintiffs' complaint.

C.   **OTHER INCIDENTS, OTHER SIMILAR INCIDENTS:**  Whenever either of these phrases is employed, it is intended to refer to any other incident the occurrence of which involves a similar event as that alleged to be involved in the occurrence of said incident; either of these phrases should include the occurrence of such other incidents which has resulted in a report or complaint, a notification, by whatever name called, in which it is stated or alleged that the occurrence of such other incident resulted from a similar event as that alleged in the present incident.

D.   **INFORMATION**: This term is intended to include reference to both facts and applicable principals; this word should not be construed to be limited to any method of acquisition or compilation and should, therefore, be construed to include oral information as well as documents.

E.   **HAZARD:**   The word "hazard" shall be deemed to refer to any condition or any changing set of circumstances which present an injury potential.

Please produce for inspection and/or copying each of the following:

1.  Documents evidencing or relating to the complete organizational chart of this Defendant as it existed on the date of the incident made the basis of this litigation.

2.  Documents evidencing or relating to other similar incidents.

3.  Documents evidencing or relating to facts and circumstances surrounding the incident forming the basis of Plaintiff's Complaint as to this defendant.

4.  Documents evidencing or relating to any and all contracts and written agreements entered into between this defendant and any other party to this litigation, dealing with the subject of Plaintiffs' complaint.

5.  Documents evidencing or relating to any voluntary or mandatory standards and regulations that apply to the incident made basis of Plaintiffs' complaint as to this defendant.

6.  Documents evidencing or relating to any and all depositions previously given by the designated deponent.

7.  Documents evidencing or relating to any and all complaints, notifications in any form whatsoever, and/or lawsuits (whether settled or tried, pending or concluded), similar in their nature to the incident made the basis of Plaintiffs' complaint.

DOCUMENT 125

8. Documents evidencing or relating to the maintenance, construction and/or renovation of the area where this incident occurred prior to and including the date of the incident made the basis of Plaintiffs' complaint.

9. Documents evidencing or relating to any and all photographs of the location of the incident, or any other photographs which relate to the incident made the basis of Plaintiffs' complaint.

10. Documents evidencing or relating to any and all statements obtained from any person or entity regarding the events involved in the occurrence made the basis of Plaintiffs' complaint.

11. Documents evidencing or relating to any and all statements of the Plaintiffs.

12. Documents evidencing or relating to any and all reports from experts regarding the occurrence made the basis of Plaintiffs' complaint.

13. Documents evidencing or relating to any and all falls experienced by guests and employees at the premises commonly known as Barber Dairies, Inc., 36 Barber Court, Homewood location, prior to the incident made the basis of Plaintiffs' complaint.

14. Documents evidencing or relating to any investigation, document or information gathered by agents, servants or employees of the defendant as a result of the incident made the basis of Plaintiffs' complaint.

15. Documents evidencing or relating to any plans, policies, or procedures this defendant had in place prior to August 21, 2015, which related to guest safety and fall prevention.

16. Documents evidencing or relating to any plans, policies, or procedures this defendant had in place prior to August 21, 2015, which related to hazard recognition and the remedying of hazardous or dangerous conditions which may exist on this defendant's property.

17. If you object to the production of any documents because you claim that they are protected by the attorney-client privilege or attorney work product doctrine, identify each document for which the privilege is claimed and provide the following information with respect to each document:
   a. Describe the type of document and state the date of the document;
   b. Identify the person who prepared and/or authorized the document and the person to whom the document was directed;
   c. Identify all persons receiving copies of the document;
   d. Describe the subject matter of the document; and
   e. State the basis on which the privilege is claimed.


18. If you object to the production of any documents because you claim that certain documents are the subject of a protective order provide the following information with respect to each document:
   a. Identify the case in which the protective order was entered; and
   b. Produce a copy of the protective order that you claim prevents the disclosure.

ATTORNEYS FOR PLAINTIFF

DOUGLAS J. FEES (FEE001)
**The Cochran Firm -Huntsville**
401-403 Madison Street P O Box 508
Huntsville, Alabama   35804-0508
(256) 536-1199
dfees@cochranfirm.com


**SERVE WITH SUMMONS AND COMPLAINT**

DOCUMENT 26



ELECTRONICALLY FILED
8/15/2017 7:58 AM
01-CV-2017-903046.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

**ROBERT MIKEL HARDEN
AND VIOLA J. HARDEN ,**

      Plaintiff,

vs.

**DEAN TRANSPORTATION, INC.; et al.,**

      Defendants.

**CIVIL ACTION NO.:  CV17-903046**

**JURY DEMAND**

### PLAINTIFFS' REQUEST FOR INSPECTION

Pursuant to Rule 34 of the *Alabama Rules of Civil Procedure*, Plaintiff requests that

Defendants permit Plaintiff to inspect, survey, videotape and photograph the premises located at

35 Barber Court, Homewood, AL  35209, involved in the incident made the basis of Plaintiffs'

Complaint; said inspection to take place on a mutually convenient date and time.

ATTORNEY FOR PLAINTIFF

DOUGLAS J. FEES (FEE001)
**THE COCHRAN FIRM -HUNTSVILLE**
401-403 Madison Street
P. O. Box 508
Huntsville, Alabama  35804
(256) 536-1199 f: (256) 536-7754
*dfees@cochranfirm.com*

**TO BE SERVED WITH SUMMONS AND COMPLAINT**



AlaFile E-Notice

01-CV-2017-903046.00

To:  DOUGLAS J FEES
     dfees@cochranfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following complaint was FILED on 8/15/2017 7:59:26 AM

Notice Date:      8/15/2017 7:59:26 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903046.00

To: DEAN TRANSPORTATION, INC.
C/O CT CORPORATION SYSTEM
2 N JACKSON ST STE 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following complaint was FILED on 8/15/2017 7:59:26 AM

Notice Date:       8/15/2017 7:59:26 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903046.00

To: DEAN FOODS COMPANY, INC. (PRO SE)
C/O FRED BALL/RICHARD BAL
200 S. LAWRENCE STREET
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following complaint was FILED on 8/15/2017 7:59:26 AM

Notice Date:      8/15/2017 7:59:26 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903046.00

To:  THE BARBER COMPANIES, INC. (PRO SE)
C/O GEORGE W. BARBER JR.
27 IVERNESS CENTER PARKWA
BIRMINGHAM, AL, 35242-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following complaint was FILED on 8/15/2017 7:59:26 AM

Notice Date:        8/15/2017 7:59:26 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2017-903046.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL

**NOTICE TO:** DEAN TRANSPORTATION, INC., C/O CT CORPORATION SYSTEM 2 N JACKSON ST STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DOUGLAS J FEES ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 401-403 MADISON STREET, HUNTSVILLE, AL 35801 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of HARDEN ROBERT MIKEL

pursuant to the Alabama Rules of the Civil Procedure. *[Name(s)]*

| 8/15/2017 7:59:26 AM | /s/ ANNE-MARIE ADAMS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ DOUGLAS J FEES

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                       *(Name of County)*

Alabama on _____ .

*(Date)*

_____                       _____
*(Type of Process Server)*                       *(Address of Server)*

_____
*(Server's Signature)*

_____                       _____
*(Server's Printed Name)*                       *(Phone Number of Server)*

ELECTRONICALLY FILED
8/15/2017 8:14 AM
01-CV-2017-903046.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNT
## BIRMINGHAM DIVISION

**ROBERT MIKEL HARDEN**
**AND VIOLA J. HARDEN ,**

        Plaintiff,

                                          **CIVIL ACTION NO.:  CV17-903046**

vs.

                                          **JURY DEMAND**

**DEAN FOODS COMPANY, INC.,**
**THE BARBER COMPANIES, INC.;**
**ET AL.;**

        Defendants.

## AMENDMENT TO SUBSTITUTE NAMED PARTY DEFENDANT

Pursuant to Rules 15 and 9(h) of the Ala. R. Civ. P., Plaintiffs hereby amend their

Complaint, both the body and style thereof, to reflect the proper name of Defendant, **Dean**

**Transportation, Inc.,** in all places where Dean Foods Company, Inc. and The Barber Companies,

Inc. are named as defendants.  As Amended, Plaintiffs' Complaint shall read as follows:

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

**ROBERT MIKEL HARDEN**
**AND VIOLA J. HARDEN ,**

        Plaintiff,

                                          **CIVIL ACTION NO.:  CV17-903046**

vs.

                                          **JURY DEMAND**

**DEAN TRANSPORTATION, INC.; AND**
NO. 1, whether singular or plural, Plaintiff
hereby intending to designate that entity
who or which was doing business as The
Barber Dairies, Inc. and/or Barber Dairies
and was located at 36 Barber Ct,
Homewood, AL 35209, at the time of the
incident made the basis of Plaintiffs'
complaint;

NO. 2, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities including persons who or which failed to maintain safe premises and other areas which were involved in the occurrence made the basis of Plaintiffs' complaint;

NO. 3, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities including persons who or which failed to detect or remedy hazardous, dangerous or defective conditions on the premises which were involved in the occurrence made the basis of Plaintiffs' complaint;

NO. 4, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities including persons who or which failed to properly maintain the premises which were involved in the occurrence made the basis of Plaintiffs' complaint;

NO. 5, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities including persons who or which failed to inspect, remove or alter conditions on the premises involved in the occurrence made the basis of Plaintiffs' complaint;

NO. 6, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities who or which followed negligent maintenance and management practices in keeping the premises safe which were involved in the occurrence made the basis of Plaintiffs' complaint;

NO. 7, the correct legal designation of that entity who or which was doing business as The Barber Dairies, Inc. and/or Barber Dairies, 36 Barber Ct, Homewood, AL 35209, at the time of the incident made the basis of Plaintiffs' complaint;

NO. 8, the correct legal designation of that entity who or which was doing business as Dean Transportation, Inc. at the time of the

DOCUMENT 29

incident made the basis of Plaintiffs' complaint;

NO. 9, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities including persons whose negligence, wantonness, or other wrongful conduct caused the occurrence made the basis of Plaintiffs' complaint; Plaintiff hereby intending to designate that entity or those entities including persons who or which is the successor in interest in any of those entities described above; Plaintiff aver that the identity of the fictitious parties defendant is otherwise unknown to the Plaintiff at this time, or if their name is known their identity as proper party defendants is not known to the Plaintiff at this, and that their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained,

> Defendants.

## FIRST AMENDED COMPLAINT

COME NOW Plaintiffs ROBERT MIKEL HARDEN AND VIOLA J. HARDEN, by and through their undersigned attorney, and as the basis for the relief hereinafter prayed for, state as follows:

## GENERAL AND JURISDICTIONAL ALLEGATIONS

1.  Plaintiff Robert Mikel Harden is an adult resident and citizen of Locust Grove, Georgia.

2.  Plaintiff Viola J. Harden is an adult resident and citizen of Locust Grove, Georgia, and was the lawful wife of Plaintiff Robert Mikel Harden at all times referenced herein.

3.  Defendant Dean Transportation, Inc. is a foreign corporation with its principal place of business in Columbus, Ohio, doing business in Jefferson County, Alabama at all times relevant herein.

DOCUMENT 29

4.  The incident which forms the basis of Plaintiffs' complaint occurred in Jefferson County, Alabama on or about August 21, 2015.

## COUNT I

5.  Plaintiffs adopt and reassert the averments contained in previous paragraphs, and incorporate the same by this reference.

6.  On or about August 21, 2015, Robert Mikel Harden was a business invitee at Defendant Dean Transportation, Inc. located at 36 Barber Ct, Homewood, AL 35209. At said time, Defendant Dean Transportation, Inc., Inc. and/or one or more of the fictitious parties defendants listed and/or described in Plaintiffs' complaint negligently or wantonly allowed the drainage system on the ground to become clogged or backed up, which caused a milky residue to collect on the ground. Dean Transportation, Inc. and/or one or more of the fictitious parties defendants listed and/or described in Plaintiffs' complaint allowed said milky substance to remain on the walkway which was intended to be and was utilized by business invitees. While Plaintiff was utilizing the intended walkway, he stepped on the milky substance which was negligently and wantonly allowed to remain on the walkway, which caused him to be violently thrown to the ground, and caused him to suffer serious injuries, including but not limited to back injuries which resulted in a four-level cervical fusion.

7.  Dean Transportation, Inc. and/or one or more of the fictitious parties defendants listed and/or described in Plaintiffs' complaint negligently or wantonly failed to maintain the premises in a safe condition, such failure causing Plaintiff to suffer injury. Defendants were negligent or wanton in one or more of the following respects:

    a.      Defendants failed to exercise reasonable care to provide and maintain reasonably safe premises for use by those persons lawfully on their premises;

b.    Defendants breached their duty to be reasonably sure that they were not inviting another into a situation of danger or peril;

c.    Defendants breached their duty to warn invitees of defects and danger associated with the premises;

d.    Defendants failed to maintain the premises in such a manner so as not to constitute a hazard to those persons on the premises;

e.    Defendants failed to inspect, remove or alter conditions on the premises which were likely to cause injury or damage;

f.    Defendants failed to identify or remedy known or foreseeable hazards.

As a proximate result of Defendants' conduct, Plaintiff Robert Mikel Harden was caused to suffer the following injuries and damages:

a.    He incurred, and continues to incur, physical pain and suffering as a result of the physical injuries sustained in the above described incident;

b.    He incurred, and continues to incur, mental pain and anguish as a result of the physical injuries sustained in the above described incident;

c.    He incurred, and continues to incur, medical expenses in and about an effort to cure and/or heal the physical injuries sustained in the above described incident;

d.    He incurred, and continues to incur, loss of enjoyment of life as a result of the physical injuries sustained in the above described incident;

e.    He incurred permanent impairment and disabilities as a result of the physical injuries sustained in the above described incident;

f.    He incurred, and continues to incur, lost wages as a result of the physical injuries sustained in the above-described incident.

WHEREFORE, Plaintiffs demand entry of judgment against the defendants, and each of them, in an amount which the jury deems fair and just to compensate Plaintiffs, punitive damages and costs of court.

## COUNT II
## LOSS OF CONSORTIUM

9.      Plaintiffs reassert previous paragraphs of this Complaint and incorporate the same by reference as if fully set out herein.

11.     The foregoing wrongful conduct of said Defendants combined and concurred and rendered said defendants liable to Plaintiff Viola J. Harden for the following injuries and damages: she was caused to lose the services, support and consortium of her husband for a period of time and will be caused to lose said services and consortium for a period of time uncertain.

        WHEREFORE, Plaintiffs demand judgment against the Defendants, and each of them, in an amount which the jury deems fair and just to compensate Plaintiffs, punitive damages and costs of court.

ATTORNEYS FOR PLAINTIFFS

DOUGLAS J. FEES    FEE001
THE COCHRAN FIRM – HUNTSVILLE
401-403 Madison Street
P.O. Box 508
Huntsville, AL 35804
(256) 536-1199  F: 256-536-7754
dfees@cochranfirm.com

JURY DEMAND

Plaintiff respectfully demands a trial by struck jury.

DOUGLAS J. FEES

Defendant to be served by certified mail by filer as Follows:

Dean Transportation, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL  36104

First Amended Complaint
Page 6

6



AlaFile E-Notice

01-CV-2017-903046.00

To:   DOUGLAS J FEES
      dfees@cochranfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following complaint was FILED on 8/15/2017 8:15:37 AM

Notice Date:      8/15/2017 8:15:37 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903046.00

To: DEAN FOODS COMPANY, INC. (PRO SE)
C/O FRED BALL/RICHARD BAL
200 S. LAWRENCE STREET
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following complaint was FILED on 8/15/2017 8:15:37 AM

Notice Date:     8/15/2017 8:15:37 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903046.00

To:  THE BARBER COMPANIES, INC. (PRO SE)
     C/O GEORGE W. BARBER JR.
     27 IVERNESS CENTER PARKWA
     BIRMINGHAM, AL, 35242-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following complaint was FILED on 8/15/2017 8:15:37 AM

Notice Date:     8/15/2017 8:15:37 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903046.00

To: DEAN TRANSPORTATION, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST STE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following complaint was FILED on 8/15/2017 8:15:37 AM

Notice Date:     8/15/2017 8:15:37 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903046.00

To:  DOUGLAS J FEES
     dfees@cochranfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following AFFIDAVIT OF CERTIFIED MAILING OF PROCESS AND COMPLAINT
was FILED on 8/16/2017 12:42:28 PM

Notice Date:     8/16/2017 12:42:28 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903046.00

To:  DEAN FOODS COMPANY, INC. (PRO SE)
C/O FRED BALL/RICHARD BAL
200 S. LAWRENCE STREET
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following AFFIDAVIT OF CERTIFIED MAILING OF PROCESS AND COMPLAINT
was FILED on 8/16/2017 12:42:28 PM

Notice Date:      8/16/2017 12:42:28 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903046.00

To:  THE BARBER COMPANIES, INC. (PRO SE)
C/O GEORGE W. BARBER JR.
27 IVERNESS CENTER PARKWA
BIRMINGHAM, AL, 35242-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following AFFIDAVIT OF CERTIFIED MAILING OF PROCESS AND COMPLAINT
was FILED on 8/16/2017 12:42:28 PM

Notice Date:      8/16/2017 12:42:28 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903046.00

To: DEAN TRANSPORTATION, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST STE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following AFFIDAVIT OF CERTIFIED MAILING OF PROCESS AND COMPLAINT
was FILED on 8/16/2017 12:42:28 PM

Notice Date:     8/16/2017 12:42:28 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903046.00

To: DOUGLAS J FEES
    dfees@cochranfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following AFFIDAVIT OF CERTIFIED MAILING OF PROCESS AND COMPLAINT
was FILED on 8/16/2017 12:42:28 PM

Notice Date:      8/16/2017 12:42:28 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

DOCUMENT 31

ELECTRONICALLY FILED
8/16/2017 12:42 PM
01-CV-2017-903046.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNT
## BIRMINGHAM DIVISION

**ROBERT MIKEL HARDEN**
**AND VIOLA J. HARDEN ,**

   Plaintiff,

           **CIVIL ACTION NO.:  CV17-903046**

vs.

           **JURY DEMAND**

**DEAN TRANSPORTATION, INC.; et al.,**

   Defendants.

## AFFIDAVIT OF CERTIFIED MAILING OF PROCESS AND COMPLAINT

  My name is DOUGLAS J. FEES, a licensed attorney in the State of Alabama, practicing

law with the firm of THE COCHRAN FIRM - HUNTSVILLE.  The said firm is attorney of

record for Plaintiff.  I hereby verify as follows:

  A filed copy of the process and complaint, along with discovery documents to be served,

have been mailed by certified mail to Defendant Dean Transportation, Inc., on August 16, 2017

in accordance with *Ala Rules of Civ. Proc.* 4 (i)(2)(B)(ii).  The envelope was properly addressed

with sufficient postage affixed, and a copy of the mailing is attached hereto.  The return receipt is

addressed to the Clerk of this Honorable Court with the case number identified on said return

receipt.

  Dated:  <u>August 16, 2017</u>

             DOUGLAS J. FEES

SWORN TO AND SUBSCRIBED BEFORE ME
This day, August 16, 2017.

NOTARY PUBLIC

My Commission Expires: <u>April 7, 2018</u>

DOCUMENT 31

USPS TRACKING #

9590 9402 2333 6225 4345 73

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Clerk, Jefferson County Circuit Court
716 Richard Arrington Blvd North
Birmingham, AL  35203

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | 3.35  *Harden* |
| $ | |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☒ Return Receipt (hardcopy) | $  2.75 |
| ☐ Return Receipt (electronic) | $ |
| ☐ Certified Mail Restricted Delivery | $ |
| ☐ Adult Signature Required | $ |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | 1.82 |
| $ | |
| Total Postage and Fees | 7.92 |
| $ | |

Postmark
Here

Sent To
Dean Transportation, Inc.

Street and
c/o CT Corporation System

City, State,
2 North Jackson Street, Suite 605
Montgomery, AL  36104

7016 0600 0000 0622 9096

DOCUMENT 31

**SENDER: COMPLETE THIS SECTION**

- ☒ Complete items 1, 2, and 3.
- ☒ Print your name and address on the reverse so that we can return the card to you.
- ☒ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dean Transportation, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL  36104

01-CV-2017 903046

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 2333 6225 4345 73

2. Article Number *(Transfer from service label)*

7016 0600 0000 0622 9096

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X                                    ☐ Agent
                                     ☐ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

*THE COCHRAN FIRM - HUNTSVILLE*
*POST OFFICE BOX 508*
*HUNTSVILLE, AL 35804-0508*

Dean Transportation, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL  36104



7016 0600 0000 0622 9096

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dean Transportation, Inc.

c/o CT Corporation System

2 North Jackson Street, Suite 605

Montgomery, AL  36104

01-CV-2017-903046



9590 9402 2333 6225 4345 73

2. Article Number *(Transfer from service label)*

7016 0600 0000 0622 9096

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*       C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt



**USPS TRACKING #**

9590 9402 2333 6225 4345 73

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

* Sender: Please print your name, address, and ZIP+4® in this box*

CIRCUIT CIVIL DIVISION

AUG 24 2017

ANNE-MARIE ADAMS
CLERK

Clerk, Jefferson County Circuit Court
716 Richard Arrington Blvd North
Birmingham, AL 35203



AlaFile E-Notice

01-CV-2017-903046.00

Judge: TAMARA HARRIS JOHNSON

To:  FEES DOUGLAS JAYE
     dfees@cochranfirm.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following matter was served on 8/21/2017

**D003 DEAN TRANSPORTATION, INC.**

**Corresponding To**

AUTHORIZED SERVICE

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



ELECTRONICALLY FILED
9/8/2017 9:47 AM
01-CV-2017-903046.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY**
**BIRMINGHAM DIVISION**

ROBERT MIKEL HARDEN
AND VIOLA J. HARDEN ,

    Plaintiff,

vs.

                    **CIVIL ACTION NO.:  CV17-903046**

                    **JURY DEMAND**

DEAN TRANSPORTATION, INC.; et al.,

    Defendants.

<u>**PLAINTIFFS' RESPONSE TO NO ANSWER NOTICES**</u>

COME NOW Plaintiffs, by counsel, and respond to the *No Answer Notices* pertaining to Defendants Dean Foods Company, Inc. and The Barber Companies, Inc. as follows:

1.    On August 15, 2017 Plaintiffs filed their Substitution of the party defendants, Dean Foods Company, Inc. and The Barber Companies, Inc. with the proper name of the Defendant, Dean Transportation, Inc.

2.    Defendant Dean Transportation, Inc. was served on August 21, 2017.

WHEREFORE, Plaintiffs, by counsel, respectfully request Your Honor consider the No Answer Notices dated September 7, 2017 as moot.

Respectfully submitted this _____ day of September, 2017.

                    ATTORNEYS FOR PLAINTIFFS

                    DOUGLAS FEES (FEE001)
                    The Cochran Firm Huntsville
                    401 Madison Street
                    Huntsville, AL 35801
                    (256) 536-1199   Fax: (256) 536-7754
                    dfees@cochranfirm.com

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies a copy of the foregoing has been served upon counsel for the defendant of same by Alafile and/or in the U.S. Mail, first class postage paid and properly addressed on this the _____ day of _____, 2017:

Dean Transportation, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL   36104

Douglas J. Fees



AlaFile E-Notice

01-CV-2017-903046.00

To:   DOUGLAS J FEES
      dfees@cochranfirm.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following CASE STATUS REPORT was FILED on 9/8/2017 9:47:40 AM

Notice Date:      9/8/2017 9:47:40 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903046.00

To:  DEAN FOODS COMPANY, INC. (PRO SE)
     C/O FRED BALL/RICHARD BAL
     200 S. LAWRENCE STREET
     MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following CASE STATUS REPORT was FILED on 9/8/2017 9:47:40 AM

Notice Date:      9/8/2017 9:47:40 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903046.00

To:  THE BARBER COMPANIES, INC. (PRO SE)
     C/O GEORGE W. BARBER JR.
     27 IVERNESS CENTER PARKWA
     BIRMINGHAM, AL, 35242-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following CASE STATUS REPORT was FILED on 9/8/2017 9:47:40 AM

Notice Date:      9/8/2017 9:47:40 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903046.00

To: DEAN TRANSPORTATION, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST STE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERT MIKEL HARDEN ET AL V. DEAN FOODS COMPANY, INC. ET AL
01-CV-2017-903046.00

The following CASE STATUS REPORT was FILED on 9/8/2017 9:47:40 AM

Notice Date:     9/8/2017 9:47:40 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov